IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JOSEPH L. JOHNSON, # 150899                                                    PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 2:12cv198-KS-MTP

CHIQUITA BROWN, STATE OF
MISSISSIPPI, and RONALD KING                                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

BEFORE THE COURT are *pro se* Plaintiff Joseph L. Johnson's pleadings. He is incarcerated with the Mississippi Department of Corrections and brings this action alleging a failure to move him away from another inmate. The Court has considered and liberally construed the pleadings. For the reasons set forth below, this case is dismissed.

### BACKGROUND

At the time this action was initiated, Johnson was housed at the South Mississippi Correctional Institution in Leakesville, Mississippi. He alleges that he red-tagged inmate Fredderick Thompson and was moved away from him. One month later, Johnson was moved back near Thompson, who threatened Johnson. He alleges that he informed both Defendants Lieutenant Chiquita Brown and Superintendent Ronald King about the problem the next day. Johnson also informed them that Thompson had threatened Johnson and wanted to fight him. Despite this, he alleges the two Defendants refused to move him. He then informed his case manager about the potential danger, and she moved him immediately.

Johnson then filed this civil action, complaining that Brown, King, and the State of Mississippi violated his constitutional rights. Subsequently, Johnson was transferred to Walnut Grove Correctional Facility.

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . –(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Johnson to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under Section 1915.

In this case, Johnson seeks damages for a failure to protect him from another inmate. In order to succeed, Johnson must prove a resulting physical injury. *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). Despite being given the opportunity to do so, he claims absolutely no injury, let alone physical injury, as a result of Defendants' alleged actions. Even if Johnson's pleadings could be construed to allege an emotional injury, he is not entitled to compensatory damages solely for emotional injuries. 42 U.S.C. § 1997e(e). Thus, this case is dismissed as frivolous, and this dismissal counts as a strike under 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby **DISMISSED WITH PREJUDICE** as frivolous. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 25th day of March, 2013.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE